UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD.,            :
AURELIUS CAPITAL PARTNERS, LP, FIR        :
TREE VALUE MASTER FUND, L.P., FIR         :
TREE CAPITAL OPPORTUNITY MASTER           :
FUND, L.P., and FIR TREE MORTGAGE         :     Hon. Richard J. Sullivan
OPPORTUNITY MASTER FUND, L.P.,            :
individually, and on behalf of a class of :
similarly situated persons pursuant to Fed. R. :   09-Civ-02242
Civ. P. Rule 23,                          :
                                          :
          Plaintiffs,                     :
                                          :     **ANSWER AND AFFIRMATIVE**
    –against–                             :     **DEFENSES TO COMPLAINT**
                                          :
MBIA INC., MBIA INSURANCE                 :
CORPORATION, and MBIA INSURANCE           :
CORPORATION OF ILLINOIS,                  :
                                          :
          Defendants.                     :
------------------------------------------------------------ x

Defendants MBIA Inc. ("MBIA Inc."), MBIA Insurance Corporation ("MBIA Insurance"), and National Public Finance Guarantee Corporation (f/k/a MBIA Insurance Corporation of Illinois) ("National"), by and through their undersigned attorneys, Dewey & LeBoeuf LLP, answer and respond to Plaintiffs' Class Action Complaint (the "Complaint") as follows:

### NATURE OF THIS ACTION

1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 except admit that Plaintiffs purport to bring a class action on behalf of themselves and others.

2.   Deny each and every allegation of Paragraph 2. Defendants further state that on February 17, 2009, Defendants, who write financial guaranty insurance for financial products,

implemented certain transactions (the "Transactions") and Transformation of their business (the "Transformation") with the required approval of the New York State Insurance Department ("NYID"). The written approval of the NYID, dated February 17, 2009, is hereinafter referred to as the NYID Approval.

3. Deny each and every allegation of Paragraph 3.

4. Deny each and every allegation of Paragraph 4, except admit that on February 18, 2009, Defendant MBIA Inc., a publicly traded company, announced that the NYID approved the Transformation.

5. Deny each and every allegation of Paragraph 5.

6. Deny each and every allegation of Paragraph 6, and refer to the description of the Transactions and Transformation set forth in the NYID Approval.

7. Deny each and every allegation of Paragraph 7, and state that the Transactions and Transformation, as the NYID found, were fair and equitable to all of their policyholders, including Plaintiffs, and left MBIA Insurance solvent and able to meet all of its obligations as they come due.

8. Deny each and every allegation in Paragraph 8.

9. Deny each and every allegation of Paragraph 9.

10. Deny each and every allegation of Paragraph 10, except admit that monoline insurers, such as MBIA Insurance, guarantee payments of principal and interest in securities and other financial instruments against issuer defaults.

11. Deny each and every allegation of Paragraph 11 and refer to the documents referenced in Paragraph 11 for a full and accurate rendition of their contents. Defendants further state that as of February 19, 2009, Standard & Poor's Financial Services LLC ("S&P") continued

to give MBIA Insurance an investment-grade rating, and that notwithstanding its downgrade, Moody's did not state that MBIA insurance was, or rate it as, insolvent.

12.     Deny each and every allegation of Paragraph 12, and state that its insurance policies do not in any way guarantee the credit rating of insured obligations.

13.     Deny each and every allegation of Paragraph 13.

## THE PARTIES

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Admit the allegations in Paragraph 18.

19.     Admit the allegations in Paragraph 19, except deny knowledge or information sufficient to form a belief that "MBIA Insurance was the world's largest 'monoline' insurer" to the extent "largest" is vague and ambiguous.

20.     Deny each and every allegation in Paragraph 20, except admit that MBIA Insurance Corporation of Illinois has been renamed National Public Finance Guarantee Corporation, that National has been redomesticated from Illinois to New York, and that, at one time, MBIA Insurance Corporation of Illinois was a wholly-owned subsidiary of MBIA Insurance.

21. Deny each and every allegation of Paragraph 21, except admit that Plaintiffs purport to assert federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act.

22. Deny the allegations in Paragraph 22. except that Plaintiffs purport to base venue in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2).

## FACTUAL ALLEGATIONS

23. Deny each and every allegation of Paragraph 23 and refer to the policies issued by Defendants for a full and accurate rendition of their contents.

24. Deny each and every allegation of Paragraph 24, except admit that MBIA Insurance is in the business of issuing financial guaranty policies that guarantee the payment of principal and interest on a wide range of securities and other instruments.

25. Deny each and every allegation of Paragraph 25 and refer to the document referenced in Paragraph 25 for a full and accurate rendition of their contents.

26. Deny each and every allegation of Paragraph 26, except admit that during 2008, the ratings agencies lowered MBIA Insurance's credit rating and refer to reports of the rating agencies for a full and accurate rendition of their contents.

27. Deny each and every allegation of Paragraph 27, except admit that MBIA Insurance wrote financial guaranty insurance for United States, municipal and foreign government bonds.

28. Deny each and every allegation of Paragraph 28, except admit that MBIA Insurance issued policies guaranteeing payment of principal and interest on a range of debt securities.

29. Deny each and every allegation of Paragraph 29, except admit that MBIA Insurance issued policies guaranteeing payment of principal and interest on a range of debt securities.

30. Deny each and every allegation of Paragraph 30, except admit that MBIA Insurance issued financial guaranty insurance on certain GICs, and MTNs.

31. Deny each and every allegation of Paragraph 31, except admit that MBIA Insurance issued policies guaranteeing payment of principal and interest on a range of debt securities and refer to the documents referenced in Paragraph 31 for a full and accurate rendition of their contents.

32. Deny each and every allegation of Paragraph 32, and refer to the documents referenced in Paragraph 32 for a full and accurate rendition of their contents.

33. Deny each and every allegation of Paragraph 33.

34. Admit the allegations of Paragraph 34.

35. Deny each and every allegation of Paragraph 35, except admit that MBIA Insurance temporarily stopped writing policies on structured credit in 2008 and that the market for public finance products was frozen as a result of, among other things, credit rating downgrades of MBIA Insurance and other financial guaranty insurers in the wake of the international financial crisis.

36. Deny each and every allegation of Paragraph 36.

37. Deny each and every allegation of Paragraph 37, except admit that prior to February 18, 2009, MBIA Insurance and its subsidiaries operated the entirety of MBIA Inc.'s financial guaranty insurance business.

38. Deny each and every allegation of Paragraph 38, and refer to the NYID Approval for an accurate description of the Transactions and Transformation.

39. Deny each and every allegation of Paragraph 39, except admit that prior to Transformation, MBIA Inc. was the parent of MBIA Insurance, and MBIA Insurance was the parent of MBIA Insurance Corporation of Illinois, and refer to the description set forth in the NYID Approval for an accurate description of the Transactions and Transformation.

40. Deny each and every allegation of Paragraph 40, and refer to the NYID Approval for an accurate summary of the Transactions and Transformation as well as for the NYID's determination that the Transactions and Transformation fully complied with Section 4105 of the New York Insurance Law.

41. Admit that MBIA Insurance and MBIA Illinois entered into a Reinsurance Agreement, and refer to the description set forth in the NYID Approval for an accurate description of the Transactions and Transformation.

42. Deny each and every allegation of Paragraph 42, except admit that National issued second-to-pay master trust policies and refer to the NYID Approval for an accurate description of the Transactions.

43. Deny each and every allegation of Paragraph 43, and state that the second-to-pay policies were issued in accordance with § 6904(b)(3) of the New York Insurance Law and as required by the NYID Approval.

44. Deny each and every allegation of Paragraph 44.

45. Deny each and every allegation of Paragraph 45.

46. Deny each and every allegation of Paragraph 46, and refer to the documents referenced in Paragraph 49 for a full and accurate rendition of their contents.

47. Deny each and every allegation of Paragraph 47.

48. Deny each and every allegation of Paragraph 48.

49. Deny each and every allegation of Paragraph 49, and refer to the documents referenced in Paragraph 49 for a full and accurate rendition of their contents.

50. Deny knowledge and information sufficient to form a belief as to the truth of each and every allegation of Paragraph 50 and refer to the Ambac Assurance Corporation transaction documents for a full and accurate rendition of their contents.

51. Deny each and every allegation of Paragraph 51, and further state, as set forth in the NYID Approval, that the Transactions and Transformation left MBIA Insurance Corp. solvent, able to meet all its obligations as they come due, and was fair and equitable to policyholders.

52. Deny each and every allegation of Paragraph 52, and state that as of February 18, 2009, Standard & Poor's Financial Services LLC ("S&P") continued to give MBIA Insurance an investment-grade rating, and that notwithstanding its downgrade, Moody's did not state that MBIA Insurance was, or rate it as, insolvent. The remaining allegations in Paragraph 52 purport to paraphrase or quote the content of documents that speak for themselves, and Defendants refer to the documents referenced in Paragraph 52 for a full and accurate rendition of their contents.

53. Deny each and every allegation of Paragraph 53, and refer to the document referenced in Paragraph 53 for a full and accurate rendition of its contents.

54. Deny each and every allegation of Paragraph 54, and refer to the document referenced in Paragraph 54 for a full and accurate rendition of its contents.

55. Deny each and every allegation of Paragraph 55, and refer to the document referenced in Paragraph 55 for a full and accurate rendition of its contents.

56. Deny each and every allegation of Paragraph 56, and refer to the document referenced in Paragraph 56 for a full and accurate rendition of its contents.

57. Deny each and every allegation of Paragraph 57, and refer to the documents referenced in Paragraph 57 for a full and accurate rendition of their contents.

58. Deny each and every allegation of Paragraph 58, except admit that MBIA Insurance has paid out insurance claims relating to its financial guaranty insurance policies and commuted policies guaranteeing credit derivatives.

59. Deny each and every allegation of Paragraph 59, except admit that C. Edward Chaplin has participated in analyst calls.

60. Deny each and every allegation of Paragraph 60, except admit that the price of MBIA Inc.'s common stock closed at $3.48 per share on February 17, 2009, it closed at $4.52 per share on February 18, 2009, and it closed at $3.84 per share on February 19, 2009.

## CLASS ALLEGATIONS

61. Deny each and every allegation of Paragraph 61, except admit that Plaintiffs purport to bring this as a class action pursuant to the Federal Rules of Civil Procedure.

62. Deny each and every allegation of Paragraph 62, except to the extent that Paragraph 62 contains legal conclusions as to which no response is required.

63. Deny each and every allegation of Paragraph 63.

64. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 64.

65. Deny each and every allegation of Paragraph 65.

66. Paragraph 66 contains legal conclusions as to which no response is required, except that Defendants state that various members of the purported class have already commenced litigation.

67. Paragraph 67 contains legal conclusions as to which no response is required, except that Defendants state that various members of the Purported Class have commenced separate actions.

68. Deny each and every allegation of Paragraph 68. Paragraph 68 also contains legal contentions as to which no response is required.

69. Deny the allegation of Paragraph 69 that common questions of law and fact predominate over any questions affecting only individual members, except admit that Plaintiffs purport to set forth certain common questions of law and fact. Paragraph 69 also contains legal contentions, as to which no response is required.

70. Deny each and every allegation of Paragraph 70, and deny knowledge or information sufficient to form a belief as to what Plaintiffs know and, on that basis, deny the same.

## COUNT I

71. Repeat and reallege Defendants' responses to Paragraphs 1 through 70, inclusive, and incorporate such responses as though fully set forth herein.

72. Deny each and every allegation of Paragraph 72.

73. Deny each and every allegation of Paragraph 73.

74. Deny each and every allegation of Paragraph 74.

75. Deny each and every allegation of Paragraph 75.

## COUNT II

76. Repeat and reallege Defendants' responses to Paragraphs 1 through 70, inclusive, and incorporate such responses as though fully set forth herein.

77. Deny each and every allegation of Paragraph 77, and refer to the NYID Approval for an accurate description of the Transactions and Transformation.

78. Deny each and every allegation of Paragraph 78.

79. Deny each and every allegation of Paragraph 79.

80. Deny each and every allegation of Paragraph 80.

## COUNT III

81. Repeat and reallege Defendants' responses to Paragraphs 1 through 70, inclusive, and incorporate such responses as though fully set forth herein.

82. Deny each and every allegation of Paragraph 82, except admit that MBIA Insurance issued policies, agreements and certificates and refer to the documents referenced in Paragraph 82 for a full and accurate rendition of their contents.

83. Paragraph 83 contains legal contentions as to which no response is required.

84. Deny each and every allegation of Paragraph 84.

85. Deny each and every allegation of Paragraph 85.

## PRAYER FOR RELIEF

No response is required in response to the statements in the Prayer for Relief in the Complaint. To the extent a response to those statements is deemed necessary, Defendants deny them and request that the Court deny all relief requested by Plaintiffs and dismiss the complaint in its entirety with prejudice.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they constitute an impermissible collateral attack on the determinations of the NYID approving the Transactions and Transformation.

**THIRD AFFIRMATIVE DEFENSE**

The relief Plaintiffs seek cannot be granted without a necessary party, namely, the NYID and the Superintendent of the NYID, whose approval would be necessary to set aside the Transactions and Transformation.

**FOURTH AFFIRMATIVE DEFENSE**

The operative agreements preclude recovery of the alleged losses, liabilities, costs, expenses or other damages or relief of the type for which Plaintiffs seek recovery.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the doctrines of *in pari delicto*, waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims violate public policy.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to assert any additional affirmative defenses that may become apparent during the course of discovery.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint and award it attorneys' fees and costs, and such other and further relief as is just and fair.

Dated: March 25, 2010
New York, New York

DEWEY & LEBOEUF LLP

By: _____
Jonathan D. Siegfried

1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

**Attorneys for MBIA Inc., MBIA Insurance Corporation, and National Public Finance Guarantee Corporation**