UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

Aurelius Capital Master, Ltd., Aurelius Capital
Partners, LP, Fir Tree Value Master Fund, L.P., Fir
Tree Capital Opportunity Master Fund, L.P., and Fir     Case No. 09-CV-2242
Tree Mortgage Opportunity Master Fund, L.P.,
Individually, and on behalf of a class of similarly
Situated persons pursuant to Fed. R. Civ. P. Rule 23,

Plaintiffs.

-against-

MBIA Inc., MBIA Insurance Corporation, and MBIA
Insurance Corporation of Illinois,

Defendants.

------------------------------------------------------------------ x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/23/10_

## AMENDED ORDER GOVERNING THE
## EXCHANGE OF CONFIDENTIAL INFORMATION

**WHEREAS**, the parties ("Parties") to this litigation (the "Litigation") and non-parties the

New York Superintendent of Insurance (the "Superintendent") and the New York State

Insurance Department (the Superintendent and New York State Insurance Department are

referred to together, and individually, as the "Department") have conferred and agree that the

Litigation may require the discovery, production and use of certain documents, information and

other materials that contain information that is confidential, proprietary or otherwise

inappropriate for public disclosure, and, in certain instances, disclosure directly to the Parties,

and

**WHEREAS**, the Parties and Department desire to be protected against potential

disadvantage, financial loss, hardship and/or substantial prejudice that may result from the

unauthorized or inappropriate disclosure of confidential proprietary documents, or other information, or materials; and

**WHEREAS**, the Parties and Department agree that the ends of justice will be served by the entry of an order, pursuant to Rule 26 of the Federal Rules of Civil Procedure (Rule 26), which sets forth procedures and rules governing the discovery, use and disclosure of such documents, information and other materials; and

**WHEREAS**, the Court previously entered an Order Governing the Exchange of Confidential Information on March 15, 2010, which the Parties and Department intend this Order to supersede;

**NOW, THEREFORE, IT IS HEREBY STIPULATED**, by and between the Parties and Department through their undersigned counsel; and

**IT IS HEREBY ORDERED**, pursuant to Rule 26, that the following "Stipulation and Order" shall govern the use and handling of documents including deposition testimony and transcripts, deposition notices and exhibits, interrogatories and interrogatory responses, requests for admissions and admissions, and any other information or material provided, disclosed, produced, given, or exchanged by, between, and among the Parties and any non-parties to the Litigation in connection with proceedings in the Litigation (such documents, information or material hereinafter referred to as "Covered Material") and any briefs, affidavits or other court documents containing or otherwise disclosing such Covered Material:

1. Any Party to the Litigation or non-party disclosing, producing, giving or exchanging any documents, information or material in connection with proceedings in the Litigation, or whose documents, information or material is being disclosed, produced, given, or exchanged by another Party or non-party in connection with proceedings in the Litigation (the

2

"Disclosing Party or Non-Party"), may designate any Covered Material as "Confidential" under the terms of this Stipulation and Order if such Disclosing Party or Non-Party in good faith reasonably believes that such Covered Material contains confidential, proprietary or commercially or personally sensitive information, or information that is confidential pursuant to the New York Insurance Law ("Insurance Law") or is subject to a claim of deliberative process privilege, and that requires the protections provided in this Stipulation and Order ("Confidential Information").

2.      Any Disclosing Party or Non-Party may designate any Covered Material as "Highly Confidential" under the terms of this Stipulation and Order if such Disclosing Party or Non-Party in good faith reasonably believes that such Covered Material includes highly sensitive information, the disclosure of which to the public or any adverse Party, even subject to the terms governing Covered Material designated Confidential under this Stipulation and Order, is substantially likely to cause competitive, business, or commercial injury or disadvantage, including but not limited to potential prejudice in connection with any actual or potential negotiation concerning settlement or commutation of insurance policies or credit default swaps issued by any of the Defendants or their affiliates, including, but not limited to LaCrosse Financial Products, LLC ("Highly Confidential Information").

3.      Nothing herein precludes any Party to the Litigation from challenging a designation of Covered Material as Confidential or Highly Confidential or constitutes an acknowledgement that any Covered Material or category of Covered Material (including those set forth above) is or is not discoverable or appropriate for designation as Confidential or Highly Confidential. If any Party objects to or disagrees with a Disclosing Party or Non-Party's designation of Covered Material as Confidential or Highly Confidential, they shall confer with

3

the Disclosing Party or Non-Party and shall attempt to resolve the objection or disagreement, including, for example, by agreeing (a) that the Disclosing Party or Non-Party will re-produce such Covered Material without a confidentiality designation or with a lower level designation (*i.e.*, "Confidential" instead of "Highly Confidential"), or (b) that the particular Covered Material may be disclosed to limited, specified persons (possibly with appropriate redactions) beyond those to whom disclosure is otherwise permitted under paragraph 8 of this Stipulation and Order. To the extent that the Parties and any relevant non-party are not able to resolve any objection or disagreement, the provisions of paragraph 22 of this Stipulation and Order will apply.

4.      For purposes of this Stipulation and Order, any Disclosing Party or Non-Party may apply for an Order to supplement the foregoing categories of Confidential or Highly Confidential Information.

5.      Covered Material, or information contained therein or derived therefrom, shall be used solely for prosecution and/or defense of the Litigation or any appeals therefrom and shall not be used for any other purpose, including, without limitation, any business or commercial purposes or any other litigation or proceeding. Specifically, but not limited to such examples, notwithstanding any other provision of this Stipulation and Order, Covered Material may not be (a) used in any way for or in connection with any actual or potential trading in any securities, derivatives, or swaps; or (b) disclosed to any parties, their counsel, or anyone acting or purporting to act on their behalf (except as provided in paragraphs 7 and 8 hereof) in, or used in connection with, any other litigations, including, but not limited to, *ABN AMRO Bank et al v. MBIA, Inc., et al.* Index No. 601475/09 (N.Y. Sup. Ct. ), *ABN AMRO Bank et al. v. Dinallo et al.* Index No. 601846/09 (N.Y. Sup. Ct. ), *Third Avenue Trust, et al. v. MBIA Insurance Corp., et al.,* Index No. 650756/09 (N.Y. Sup. Ct.), *MBIA Insurance Corp. v. Countrywide Home*

4

*Loans, Inc., et al.*, Index No. 602825/08 (N.Y. Sup. Ct.), *MBIA Insurance Corp. v. Residential Funding Corp., LLC*, 08 Civ. 8819 (WHP) (S.D.N.Y.) and Index No. 603552/08 (N.Y. Sup. Ct.), *MBIA Insurance Corp.. et al. v. Merrill Lynch, Pierce, Fenner, and Smith, Inc., et al.*, Index No. 601324/09 (N.Y. Sup. Ct.), or *MBIA Insurance Corp.. et al. v. Royal Bank of Canada*, Index No. 12238/09 (N.Y. Sup Ct.). Notwithstanding the foregoing, and for the avoidance of doubt, the Parties expressly acknowledge that the disclosure of Covered Material, pursuant to this Stipulation and Order (including paragraphs 7 and 8 hereof), to counsel for Parties in the Litigation shall not preclude such counsel from also representing parties in any other litigations, including but not limited to the other litigations identified in the foregoing sentence (subpart (b) of this paragraph 5), and the fact that such counsel has had access to Covered Material in the Litigation shall not be a ground for disqualifying such counsel from representing parties in other litigations or for otherwise limiting the scope of such counsel's representation of parties in other litigations. In addition, subject to the disagreement referenced in paragraph 8 herein, the Parties have agreed that unless otherwise agreed or ordered by the Court notwithstanding any other provision of this Stipulation and Order, Covered Material that is designated Highly Confidential may not, unless otherwise agreed in writing by the Parties, be used in connection with any negotiation concerning settlement or commutation of insurance policies or credit default swaps issued by any of the Defendants or their affiliates, including, but not limited to LaCrosse Financial Products, LLC, whether or not such negotiations are in connection with a potential settlement of all or part of the Litigation. Accordingly, unless otherwise agreed in writing by the Parties, any person (including, but not limited to, those identified in paragraphs 8(a) and 8(b)) who reviews or becomes aware of the substance of Covered Material that is designated Highly Confidential may not participate in, or render any advice concerning, such negotiations (i.e.,

5

those referenced in the previous sentence) until eighteen (18) months after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation, including the exhaustion of all possible appeals. However, notwithstanding the foregoing, nothing in this paragraph shall be construed or operate as a limitation on or waiver by the Department of its authority to use the Covered Materials in exercising any power or performing any duty or responsibility under the Insurance Law.

6.      The designation of Covered Material as Confidential or Highly Confidential for purposes of this Stipulation and Order shall be made in the following manner by any Disclosing Party or Non-Party:

(a)      For documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Information; provided that the failure to designate a document as Confidential or Highly Confidential shall not constitute a waiver of such claim, and a Disclosing Party or Non-Party may so designate a document thereafter by providing written notice to all other Parties together with properly designated copies of said document, with the effect that such document is thereafter subject to the protections of this Stipulation and Order;

(b)      For depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all Parties within ten (10) business days after receiving a copy of the final certified transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to all pages of the original and all copies of the transcript containing any Confidential or Highly Confidential Information. The Parties, and any relevant non-party, may

6

modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court; and

(c)  For Covered Material that is disclosed or produced in a non-paper medium (*e.g.,* videotape, DVD, CD, audiotape, computer disks, etc.), by affixing the legend "Confidential" or "Highly Confidential" on the medium, if possible, and its container, if any, so as to clearly give notice that the medium contains Confidential and/or Highly Confidential Information. Documents produced in PDF or TIFF image format on a CD-ROM or other non-paper medium shall be marked in the manner provided for in paragraph 6(a) above.

7.  Except as specifically provided for in this Stipulation and Order or subsequent Court orders or stipulations among the Parties and Department (and any other relevant non-party if the Confidential Information in question was produced by that non-party), Covered Material produced in the Litigation and designated Confidential may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)  Outside counsel and in-house counsel for the individual parties specifically identified by name in the caption of the complaint in this Litigation (the "Named Parties") or the Department, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b)  Subject to and in accordance with paragraph 9 hereof, the Named Parties to the Litigation, which for any Party that is an entity means (in addition to in-house counsel in accordance with paragraph 7(a)) any of its (or its parents', subsidiaries' or affiliates') current

7

directors, officers, employees and general or limited partners who are actively participating in or assisting that Party in the Litigation;

(c) Subject to and in accordance with paragraph 9 hereof, experts, advisors, or consultants (together with their staff) assisting the Named Parties or their counsel in the Litigation; provided that (i) such expert, advisor, or consultant is not employed by any person or entity (other than a Named Party to the Litigation) that is an insurance or swap counter-party, or competitor, of any of the Defendants or their affiliates, or a party to a pending litigation or arbitration involving any of the Defendants or their affiliates; (ii) such expert, advisor, or consultant is not retained by an insurance or swap counter-party, or competitor, of any of the Defendants or their affiliates (other than a Named Party to the Litigation), or a party to any litigation or arbitration involving any of the Defendants or their affiliates (other than a Party to the Litigation), in each case to provide advice or services *both* (1) concerning insurance policies or credit default swaps issued by any of the Defendants or their affiliates, including, but not limited to LaCrosse Financial Products, LLC, *and* (2) in connection with any potential or actual litigation, arbitration, dispute, negotiation, transaction or compromise between such person or entity and any of the Defendants or their affiliates; and (iii) any report created by such expert, advisor or consultant relying on or incorporating Covered Material, in whole or in part, shall be designated Confidential or Highly Confidential, as appropriate based on the Covered Material reflected therein;

(d) Any person indicated on the face of a document to be the author, addressee, a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document;

8

(e)     Subject to and in accordance with paragraph 9, witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Litigation; provided, however, that no copies or notes relating to the Covered Material shall be made by such person;

(f)     The Court and its employees; and

(g)     Court reporters employed in connection with this Litigation.

8.     **Disclosure and Use of Highly Confidential Information.** The Parties have not been able to reach agreement concerning the disclosure and use of Covered Material designated Highly Confidential to the Named Parties, including the Named Parties' (or their parents', subsidiaries' or affiliates') current directors, officers, employees and general or limited partners. Accordingly, no Covered Material designated Highly Confidential may be disclosed at this time to the Named Parties, including the Parties' (or their parents', subsidiaries' or affiliates') current directors, officers, employees and general or limited partners. The Parties will work together to resolve these issues by agreement or through judicial intervention, and each Party reserves all its rights with respect to these issues. The Parties have, however, reached agreement concerning disclosure and use of Covered Material designated Highly Confidential to persons other than Parties, as set forth in the remainder of this paragraph 8 (subject to potential future modification by Court order as provided by paragraph 25 of this Stipulation and Order, including but not limited to potential modifications of the provisions of paragraph 5 hereof):

Except as specifically provided for in this Stipulation and Order or subsequent Court orders or stipulations among the Parties (and the relevant non-party if the Highly Confidential Information in question was produced by a non-party), Covered Material produced in the Litigation and designated Highly Confidential may be disclosed,

9

summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside counsel for the Named Parties in the Litigation, and in-house counsel and outside counsel for the Department, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b) Subject to and in accordance with paragraph 9 hereof, experts, advisors, or consultants (together with their staff) assisting the Named Parties or their counsel in the Litigation; provided that (i) such expert, advisor, or consultant is not employed by any person or entity that is an insurance or swap counter-party, or competitor, of any of the Defendants or their affiliates, or by any person that is a party to a pending litigation or arbitration involving any of the Defendants or their affiliates; (ii) such expert, advisor, or consultant is not retained by an insurance or swap counter-party, or competitor, of any of the Defendants or their affiliates, or a party to any litigation or arbitration involving any of the Defendants or their affiliates (other than a Named Party to the Litigation and only in connection with the Litigation), in each case to provide advice or services *both* (1) concerning insurance policies or credit default swaps issued by any of the Defendants or their affiliates, including, but not limited to LaCrosse Financial Products, LLC, *and* (2) in connection with any potential or actual litigation, arbitration, dispute, negotiation, transaction or compromise between such person or entity and any of the Defendants or their affiliates; and (iii) any report created by such expert, advisor or consultant relying on or incorporating Covered Material, in whole or in part, shall be designated Confidential or Highly Confidential, as appropriate based on the Covered Material reflected therein;

10

(c)     Any person indicated on the face of a document to be the author, addressee, a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document;

(d)     The Court and its employees; and

(e)     Court reporters employed in connection with this Litigation.

9.      Persons identified in paragraphs 7(b), 7(c), 7(e), and 8(b) above, and to whom Confidential and/or Highly Confidential Information is disclosed shall, prior to such disclosure, be required to sign an undertaking (a "Confidentiality Undertaking") in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order and agreeing not to disclose or use any Confidential and/or Highly Confidential Information in a manner or for purposes other than those permitted hereunder, including, but not limited to, the specific limitations and prohibitions in paragraph 5; provided, however, that a non-party witness to whom Confidential and/or Highly Confidential Information is first disclosed at deposition need not be required to sign a copy of the Confidentiality Undertaking in order to be bound by the terms hereof. The attorneys of record making Confidential and/or Highly Confidential Information available to any person required to execute a copy of the Confidentiality Undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and for maintaining all original, executed copies of such Confidentiality Undertakings. Copies of any executed Confidentiality Undertaking shall be disclosed to counsel for the Disclosing Party or Non-Party upon agreement of the parties (subject to applicable privileges and immunities against disclosure), which agreement shall not be unreasonably withheld, or upon further Court order.

11

10. Every person given access to Confidential or Highly Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

11. Any Party seeking discovery from a non-party shall provide a copy of this Stipulation and Order to the non-party and notify the non-party that the protections of this Stipulation and Order are available to such non-party. Any non-party from whom discovery is sought in the Litigation may obtain the protection of this Stipulation and Order by signing and providing to outside counsel for the Party seeking the discovery a certification and agreement, substantially in the form attached hereto as Exhibit B, stating that the non-party has read the Stipulation and Order, understands the terms of the Stipulation and Order, agrees to be fully bound by the Stipulation and Order, submits to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation and Order, and understands that any violation of the terms of the Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

12. Counsel for any Disclosing Party or Non-Party shall have the right to exclude from depositions any person who is not authorized by this Stipulation and Order to receive documents or information designated Confidential or Highly Confidential. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which is Confidential or Highly Confidential.

13. In the event that before, during or after trial or any hearing, in the Litigation, counsel for any Party determines to file or submit to the Court any documents of any nature, including briefs, Answers, Affidavits, or Affirmations, which have been designated as Confidential or Highly Confidential, or that would disclose information from a document that

has either been designated as Confidential or Highly Confidential, counsel wishing to file such documents or portions thereof containing or making reference to such materials or information shall furnish unredacted copies of such documents directly to the Court in chambers and submit redacted copies of such documents (wherein documents that have been designated as Confidential or Highly Confidential and those portions of documents containing or making reference to Confidential or Highly Confidential materials or information are redacted) to the Clerk of the Court, and, where such papers relate to a motion, shall request that the motion to which they relate be resolved in camera. In the event that the Court declines to accept such papers in chambers, or to hear the motion in camera, the filing Party shall promptly advise the Party, Parties or non-party that produced the Confidential or Highly Confidential information of the Court's decision and of the nature of the information contained in such papers. The Party, Parties, or non-party that produced the Confidential or Highly Confidential information contained in such papers, or the filing Party, or the Party or non-party whose Confidential or Highly Confidential information is contained in such papers, may move to have such documents filed with the Court under seal, and, providing that the Court approves the motion to file under seal, a statement shall be endorsed on the cover:

## "CONFIDENTIAL – SUBJECT TO COURT ORDER"

It is understood that all such materials so filed shall be maintained by the Clerk separate from public records and shall be released only upon further Order of this Court. This paragraph relates to the procedures governing the submission of documents to the Court. If Confidential or Highly Confidential Information might be disclosed during any court proceeding in the Litigation (including hearings or trials), the provisions of paragraph 23 (including the treatment of documents and transcripts used in the course of any court proceedings) shall govern.

13

14.     Entering into this Stipulation and Order, agreeing to and/or producing or receiving Confidential or Highly Confidential Information, or otherwise complying with the terms of this Stipulation and Order shall not:

(a)     Operate as an admission that any discovery is appropriate or warranted in the Litigation, or an admission or waiver as to the proper scope of discovery in the Litigation;

(b)     Operate as an admission that the Litigation should not be dismissed prior to any discovery being provided;

(c)     Operate as an admission that any document designated Confidential or Highly Confidential contains or reflects trade secrets or any other type of confidential information;

(d)     Prejudice in any way the rights of the Parties or any non-party to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party or non-party to be Confidential or Highly Confidential Information;

(e)     Prevent the Parties to this Stipulation and Order, or the Department, from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Covered Material;

(f)     Prejudice in any way the rights of any Party or the Department to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

14

(g)     Prejudice in any way the right of any Party or the Department to seek a determination by the Court whether any Confidential or Highly Confidential Information should be subject to the terms of this Stipulation and Order;

(h)     Prejudice in any way the right of any Party or the Department to petition the Court for a further protective order relating to any information;

(i)     Waive, supersede, or amend the provisions of any prior confidentiality agreement between or among any of the Parties or with any non-parties.;

(j)     Be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document; or be deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations, including but not limited to domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations; or

(k)     Be construed or operate as a limitation on or waiver of the Department's authority to regulate the business of insurance in the State of New York or to exercise any power or perform any duty or responsibility under the Insurance Law.

15.     This Stipulation and Order has no effect upon, and shall not apply to, the Parties' or non-parties' use of their own Confidential or Highly Confidential Information for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party or non-party of documents, materials or information designated as Confidential or Highly Confidential lawfully obtained by such Party or non-party independently of the discovery proceedings in this Litigation.

15

16. The production, transmission, or disclosure of any material that is arguably or actually subject to a claim of privilege or of protection as trial preparation material ("Privileged Covered Material") shall not prejudice, or constitute a waiver (either as to the specific document disclosed or as to other documents or communications concerning the same subject matter) of, or estop a Party, or the Department from asserting, any claim of privilege, work product or other ground for withholding production of that material. This "non-waiver" provision shall apply irrespective of whether the production, transmission, or disclosure is inadvertent and irrespective of whether or to what extent a Party or non-party took reasonable steps to prevent its production, transmission, or disclosure. If Privileged Covered Material has been produced, transmitted, or disclosed, the Party or non-party making the claim of privilege, work product or other ground for withholding may notify the receiving Party and state the basis for the claim. After being notified, the receiving Party (i) must promptly return or destroy the Privileged Covered Material and any copies (paper or electronic) the receiving Party has of it and (ii) may not make any disclosure of the Privileged Covered Material or use the Privileged Covered Material, or information gleaned from Privileged Covered Material, in connection with the Litigation or for any other purpose until the claim is resolved (even if such a disclosure were otherwise permissible hereunder); and in no event shall the inadvertent production, disclosure, or transmission of the Privileged Covered Material form the basis for a claim that the material is not privileged. If a receiving Party disclosed the Privileged Covered Material before being notified, the receiving Party must take reasonable steps to retrieve it. This provision is intended to facilitate the production of electronic or paper records. Neither the Parties nor the Department, by virtue of agreeing to this paragraph, is assuming any obligation, or in any way undertaking, to

16

produce privileged matter, and neither the Parties nor the Department agrees to waive any privilege.

17.    In the event additional parties join or intervene in this Litigation, such parties shall not have access to Confidential or Highly Confidential Information until counsel for each newly joined or intervening party has executed a Confidentiality Undertaking evidencing the newly joined party's intent to be bound by this Stipulation and Order, which shall be filed with the Court promptly.

18.    The Parties and Department agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

19.    The attorneys of record shall take reasonable measures, consistent with this Stipulation and Order, to prevent the unauthorized disclosure or use of Confidential or Highly Confidential Information and are responsible for employing reasonable measures to control the duplication of, access to, and distribution of, Confidential and Highly Confidential Information.

20.    The provisions of this Stipulation and Order shall, absent written permission of the Disclosing Party or Non-Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation, including the exhaustion of all possible appeals, all persons having received Confidential or Highly Confidential Information shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Disclosing Party or Non-Party, or destroy all such Confidential or Highly Confidential Information, and, in

17

either case, certify that fact to counsel for the Disclosing Party or Non-Party. Outside counsel for the Parties and the Department shall be entitled to retain court papers, depositions and trial transcripts and attorney work product (including discovery material containing Confidential or Highly Confidential Information); provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement by the Disclosing Party.

21.     After the termination of the Litigation, this Stipulation and Order shall continue to be binding upon the Parties and Department, and upon all persons to whom Confidential or Highly Confidential Information has been disclosed or communicated, and this Court shall retain jurisdiction over all such Parties and persons for enforcement of its provisions. After the termination of the Litigation, the parties shall seek to have the Court return to the Parties and Department any papers containing Confidential or Highly Confidential Information that were submitted in chambers.

22.     During the pendency of the Litigation, any Party objecting to a Disclosing Party or Non-Party's designation of any Covered Material or testimony as Confidential or Highly Confidential may, after making a good faith effort to resolve any such objection, move promptly for an order modifying or vacating the designation. On such a motion, the Disclosing Party or Non-Party that made the designation in question shall bear the burden of establishing confidentiality and the appropriateness of the designation. While such a motion is pending, the Covered Material or testimony in question shall continue to be treated as Confidential or Highly Confidential pursuant to this Stipulation and Order.

18

23. In advance of any court proceeding in the Litigation (including hearings or trials) during which Confidential or Highly Confidential Information might be disclosed (including through the presentation of evidence or argument). counsel shall confer concerning potential procedures for protecting the confidentiality of such Confidential or Highly Confidential Information (including documents and transcripts used in the course of any court proceedings), and such Confidential or Highly Confidential Information may only be disclosed in connection with any court proceedings in accordance with such steps (if any) as the Court may order. upon motion of the Disclosing Party. In the event that any Confidential or Highly Confidential Information is used in any court proceeding in the Litigation or any appeal therefrom, such Confidential or Highly Confidential Information shall not lose its status as Confidential or Highly Confidential Information through such use.

24. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed or receives other compulsory process in another action or proceeding or is served with a document demand. and such subpoena, process or document demand seeks Covered Material that was produced or designated as Confidential or Highly Confidential by someone other than the Receiver, the Receiver shall, unless prohibited by law, (i) give written notice by e-mail, hand delivery or facsimile transmission within ten (10) days of receipt of such subpoena, process or document demand to those who produced or designated the information Confidential or Highly Confidential and (ii) refrain from producing any Covered Material that has been designated Confidential or Highly Confidential in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the Disclosing Party or Non-Party that such Disclosing Party or Non-Party does not object to production of the designated Covered Material. or (b) resolution of any objection asserted by the Disclosing Party

19

or Non-Party either by agreement or by final order of the Court with jurisdiction over the objection of the Disclosing Party or Non-Party; provided however that the burden of opposing the enforcement of the subpoena or document demand shall fall solely upon the Party who produced or designated the Confidential or Highly Confidential Information, and unless the Party who produced or designated the Confidential or Highly Confidential Information submits a timely objection seeking an order that the subpoena or document demand not be complied with, and serves such objection upon the Receiver by e-mail, hand delivery or facsimile transmission prior to production pursuant to the subpoena or document demand, the Receiver shall be permitted without violating this Stipulation and Order to produce documents responsive to the subpoena or document demand on the response date. Compliance by the Receiver with any order directing production pursuant to the subpoena or document demand of any Confidential or Highly Confidential Information shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Confidential or Highly Confidential Information covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court. Notwithstanding the foregoing, if a request is made to the Department under the Freedom of Information Law, New York Public Officers Law article 6 ("FOIL"), seeking disclosure of Covered Material that was produced or designated as Confidential or Highly Confidential by a Party, the response of the Department to the FOIL request shall be governed by the procedures and substantive law set forth in FOIL and in the Insurance Law.

25.     Nothing in this Stipulation and Order shall preclude any Party or the Department from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof, including but not limited to provisions hereof concerning the disclosure and use of Covered Material designated Highly Confidential.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
    October 29, 2010

SIMPSON THACHER & BARTLETT LLP

By: /s/ David W. Ichel

David W. Ichel    dichel@stblaw.com
Barry R. Ostrager    bostrager@stblaw.com
Patrick T. Shilling    pshilling@stblaw.com
425 Lexington Avenue
New York, New York 10017
(212) 455-2000 (phone)
(212) 455-2502 (fax)

Attorneys for Plaintiffs

STATE OF NEW YORK OFFICE OF THE
ATTORNEY GENERAL

By:_____
Elizabeth A. Forman, AAG

120 Broadway
New York, NY 10271
(212) 416-8000 (phone)

Attorneys for Non-Parties New York State
Insurance Department and New York
Superintendent of Insurance

KASOWITZ BENSON TORRES &
  FRIEDMAN LLP

By: /s/ Marc E. Kasowitz

Marc E. Kasowitz
Kenneth R. David
1633 Broadway
New York, NY 10011
(212)506-1700 (phone)
(212) 506-1800 (fax)

DEWEY & LEBOEUF LLP
Jonathan D. Siegfried
John M. Nonna
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 649-8500

Attorneys for Defendants

SO ORDERED: _____
          Hon. Richard J. Sullivan
          United States District Court Judge

Dated: _____

Dated: New York, New York
     October   , 2010

SIMPSON THACHER & BARTLETT LLP

By:

David W. Ichel        dichel@stblaw.com
Barry R. Ostrager     bostrager@stblaw.com
Patrick T. Shilling    pshilling@stblaw.com
425 Lexington Avenue
New York, New York  10017
(212) 455-2000 (phone)
(212) 455-2502 (fax)

Attorneys for Plaintiffs

STATE OF NEW YORK OFFICE OF THE
   ATTORNEY GENERAL

By:

Elizabeth A. Forman, AAG

120 Broadway
New York, NY  10271
(212) 416-8000 (phone)

Attorneys for Non-Parties New York State
Insurance Department and New York
Superintendent of Insurance

KASOWITZ BENSON TORRES &
   FRIEDMAN LLP

By:

Marc E. Kasowitz
Kenneth R. David
1633 Broadway
New York, NY  10011
(212)506-1700 (phone)
(212) 506-1800 (fax)

DEWEY & LEBOEUF LLP
Jonathan D. Siegfried
John M. Nonna
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 649-8500

Attorneys for Defendants

SO ORDERED:

Hon. Richard J. Sullivan
United States District Court Judge

Dated: **Nov. 22, 2010**

22